956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joni GOLDYN, Plaintiff-Appellant,
v.
STATE OF NEVADA; Robert Miller; John Moran; Gordon F.
Yach; Joe Evers; Dr. Myers; John Doe,
Defendants-Appellees.
 No. 91-15288.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 2, 1992.
 
 Before CANBY, WILLIAM B. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joni Goldyn, a Nevada state prisoner, appeals pro se the district court's denial of her "motion for court-ordered medical treatment," which we construe as a motion for a preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a), and we review for an abuse of discretion. Religious Technology Ctr., Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989). We affirm.
 
 
 3
 Here, the defendants provided the district court with affidavits and exhibits detailing the extensive medical treatment given to Goldyn. Goldyn did not provide any evidence in her motion or in her response showing a likelihood of irreparable harm. Given these circumstances, the district court did not abuse its discretion by denying Goldyn's preliminary injunction. Id.
 
 
 4
 In her brief on appeal, Goldyn also challenges the district court's partial dismissal of her action and denial of her motion to disqualify the district attorney's office from representing the public defenders. We have jurisdiction to review other interlocutory orders to the extent that the issues underlie the denial of the preliminary injunction. See Fentron Industries, Inc. v. National Shopmen Pension Fund, 674 F.2d 1300, 1304 (9th Cir.1982). Here, however, the district court dismissed defendants who had nothing to do with Goldyn's claims regarding denial of medical treatment. Similarly, Goldyn's motion to disqualify is unrelated to her motion for a preliminary injunction. Accordingly, we hold that these claims are not within the scope of our review of the denial of the preliminary injunction. Goldyn is not barred from appealing these issues after the district court disposes of the entire action. See U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1037 (9th Cir.1986); Yamamoto v. Omiya, 564 F.2d 1319, 1325 n. 11 (9th Cir.1977).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3